Citation Nr: 1749189 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 11-27 532 ) DATE
 )
 
On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to a disability rating in excess of 0 percent for bilateral hearing loss. 


ORDER

A disability rating in excess of 0 percent for bilateral hearing loss is denied. 


FINDING OF FACT

During the entire appeal period, the Veteran's service-connected bilateral hearing loss has been manifested by combinations of right and left hearing loss which are not productive of a compensable rating. 


CONCLUSION OF LAW

The criteria for a disability rating in excess of 0 percent for bilateral hearing loss have not been met for any period. 38 U.S.C.A. §§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 4.1, 4.2, 4.3, 4.6, 4.7, 4.10, 4.85, Diagnostic Code 6100 (2016).

REASONS AND BASES FOR FINDING AND CONCLUSION

The appellant is a veteran (the Veteran) who had active duty service from March 1965 to September 1974. 

This appeal comes before the Board of Veterans' Appeals (Board) from a January 2011 rating decision of the RO in Columbia, South Carolina.

In August 2016, the Board remanded this appeal for additional evidentiary development. The appeal has since been returned to the Board for further appellate action.

The Board has considered whether the rating claim includes a claim of entitlement to a total disability rating based on individual unemployability due to service connected disabilities (TDIU) in accordance with Rice v. Shinseki, 22 Vet. App. 447 (2009). However, the Veteran does not contend that his hearing loss renders him unable to secure or follow a substantially gainful occupation. 

Disability ratings are determined by evaluating the extent to which a veteran's service-connected disability adversely affects his or her ability to function under the ordinary conditions of daily life, including employment, by comparing his or her symptomatology with the criteria set forth in the Schedule for Rating Disabilities. See 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. If two ratings are potentially applicable, the higher rating will be assigned if the disability more nearly approximates the criteria required for that rating; otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7. Any reasonable doubt regarding the degree of disability will be resolved in favor of the veteran. See 38 C.F.R. § 4.3.

A disability rating may require re-evaluation in accordance with changes in a veteran's condition. Thus, it is essential that the disability be considered in the context of the entire recorded history when determining the level of current impairment. See 38 C.F.R. § 4.1. See also Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Nevertheless, where a veteran is appealing the rating for an already established service-connected condition, his present level of disability is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, when an appeal is based on the assignment of an initial rating for a disability, following an initial award of service connection for this disability, the rule articulated in Francisco does not apply. Fenderson v. West, 12 Vet. App. 119 (1999). Instead, the evaluation must be based on the overall recorded history of a disability, giving equal weight to past and present medical reports. Id. Staged ratings are appropriate for an increased-rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. Hart v. Mansfield, 21 Vet. App. 505 (2007).

Disability ratings for hearing loss are derived from a mechanical application of the rating schedule to the numeric designations resulting from audiometric testing. See Lendenman v. Principi, 3 Vet. App. 345 (1992). 

The rating schedule establishes 11 auditory hearing acuity levels based on average pure tone thresholds and speech discrimination. See 38 C.F.R. §§ 4.85.

Provisions for evaluating exceptional patterns of hearing impairment are as follows:

When the pure tone threshold at each of the four specified frequencies (1,000, 2,000, 3,000 and 4,000 hertz) is 55 decibels or more, the rating specialist will determine the Roman Numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. Each ear will be evaluated separately.

When the pure tone threshold is 30 decibels or less at 1,000 hertz, and 70 decibels or more at 2,000 hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. That numeral will then be elevated to the higher Roman numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86 (2016).

After the evidence has been assembled, it is the Board's responsibility to evaluate the entire record. 38 U.S.C.A. § 7104(a) (West 2014). When there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. §§ 3.102, 4.3 (2016). A VA claimant need only demonstrate that there is an approximate balance of positive and negative evidence in order to prevail. Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert at 54.

The current appeal arises from a claim of entitlement to service connection for bilateral hearing loss received at the RO on September 28, 2010. In the appealed January 2011 rating decision, the RO granted service connection for bilateral hearing loss, assigned an initial disability rating of 0 percent under Diagnostic Code 6100, and assigned an effective date of September 28, 2010. 

An August 25, 2010, Private ENT Examination reveals speech recognition ability was 80 percent in each ear, but results were not certified as compliant with Maryland CNC protocol. Pure tone thresholds were as follows: 




HERTZ



1000
2000
3000
4000
Average
RIGHT
10
40
65
60
44
LEFT
10
35
60
65
43

Applying these values to Table VI results in level III in the right ear and level III in the left ear. Application to Table VII at 38 C.F.R. § 4.85 produces a 0 percent rating (VBMS record 09/28/2010). 

The report of a December 2010 VA Audiology Examination reveals speech recognition ability was 80 percent in each ear. Pure tone thresholds were as follows:





HERTZ



1000
2000
3000
4000
Average
RIGHT
10
35
55
55
39
LEFT
10
50
65
70
49

Applying these values to Table VI results in level III in the right ear and level III in the left ear. Application to Table VII at 38 C.F.R. § 4.85 produces a 0 percent rating. 

The report of a February 2017 VA Audiology Examination reveals speech recognition ability was 82 percent in the right ear and 84 percent in the left ear. Pure tone thresholds as follows: 




HERTZ



1000
2000
3000
4000
Average
RIGHT
10
60
60
70
50
LEFT
10
50
65
70
49

Applying these values to Table VI results in level IV in the right ear and level II in the left ear. Application to Table VII at 38 C.F.R. § 4.85 produces a 0 percent rating.

The Board has also considered the Veteran's statements regarding the effect of his hearing loss, and those submitted on his behalf. In the initial claim and Notice of Disagreement, the Veteran simply described bilateral hearing loss. In the VA Form 9, he provided no argument. In the VA Form 646, his representative provided no further comment. In the Informal Hearing, his representative requested that the Board remand the claim if the evidence were found to be inadequate, but otherwise requested the benefit of the doubt. The Veteran described the effect of his hearing loss on his activities of daily life to the February 2017 examiner as: "The telephone and conversations are difficult and my wife tells me I don't hear her very well. Sometimes I will answer something that was not what I was asked. I hear but don't understand."

After a review of all of the evidence, the Board finds that no additional development of the claim is necessary, and finds that the criteria for a rating in excess of 0 percent have not been met at any time pertinent to the period on appeal. The Board further finds that the criteria for a rating in excess of 0 percent are not more nearly approximated than those for the 0 percent rating. 38 C.F.R. § 4.7. 

The Veteran's description of the effect of his symptoms and impairment is consistent with decreased auditory acuity and speech recognition. These symptoms and functional impairment are fully contemplated by the rating currently assigned. 

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 371 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). See also Martinak v. Nicholson, 21 Vet. App. 447 (2007).

As the criteria for a compensable rating are not met, the Board concludes that an increase rating is not warranted. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 53-56.




____________________________________________
JONATHAN B. KRAMER 
Veterans Law Judge, Board of Veterans' Appeals

ATTORNEY FOR THE BOARD L. Cramp, Counsel

Copy mailed to: The American Legion 


Department of Veterans Affairs